1   ARNOLD & PORTER KAYE SCHOLER LLP
    DOUGLAS A. WINTHROP (No. 183532)
2   douglas.winthrop@arnoldporter.com
    GEORGE LANGENDORF (No. 255563)
3   george.langendorf@arnoldporter.com
    Three Embarcadero Center, 10th Floor
4   San Francisco, CA 94111-4024
    Telephone:   +1 415.471.3100
5   Facsimile:   +1 415.471.3400

6   Attorneys for Defendant
    SQUARETRADE, INC.
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL SHUMAN, KATHLEEN               Case No.: 3:20-cv-02725-JCS
    ABBOTT AND TOMMY GONZALES, on
12  behalf of themselves and others similarly   **DEFENDANT SQUARETRADE, INC.'S**
    situated,                               **NOTICE OF MOTION AND MOTION**
13                                          **TO DISMISS CLAIMS OF TOMMY**
                        Plaintiff,          **GONZALES PURSUANT TO FED. R.**
14         vs.                              **CIV. P. 12(B)(6); MEMORANDUM OF**
                                            **POINTS AND AUTHORITIES IN**
15  SQUARETRADE, INC.,                      **SUPPORT THEREOF**

16                      Defendant.          Hon. Joseph C. Spero

17                                          Hearing: August 6, 2021
                                            Time: 9:30 a.m.
18                                          Location: Courtroom F, 15th Floor

19                                          Amended Complaint Filed: April 22, 2021

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on August 6, 2021, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom F on the 15th Floor of the above-referenced Court, located at 450 Golden Gate Ave., San Francisco CA, 94102, defendant SquareTrade, Inc. ("SquareTrade") will, and hereby does, move the Court for an order dismissing the claims of plaintiff Tommy Gonzales for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, and such other or further argument or evidence as may be presented to the Court at or before the hearing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT .............................................................1

ISSUES PRESENTED..............................................................................................................2

FACTS .......................................................................................................................................3

ARGUMENT ............................................................................................................................3

I.      GONZALES'S UCL CLAIM SHOULD BE DISMISSED...............................................3

        A.      No Reasonable Consumer Would Be Deceived by the Facts Alleged. ...................3

        B.      Gonzales Has An Adequate Remedy at Law.........................................................6

        C.      Gonzales Lacks Standing to Seek Injunctive Relief and Fails to Assert a
                Plausible Claim for Restitution. .............................................................................8

II.     THE BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED FOR
        INDEFINITENESS AND LACK OF MUTUAL ASSENT TO THE TERMS. ...............11

        A.      The Alleged Promise Is Too Indefinite To Be Enforceable. ................................12

        B.      Gonzales's Subjective and Undisclosed View of SquareTrade's Coverage
                Obligations Cannot be Enforced Against SquareTrade.........................................14

III.    THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE
        GONZALES HAS NOT ALLEGED FACTS SHOWING WHY RETENTION
        OF ANY BENEFIT BY SQUARETRADE WOULD BE UNJUST.................................15

IV.     CONCLUSION.............................................................................................................16

SQUARETRADE'S MOT. TO DISMISS RE GONZALES                    CASE NO. 3:20-CV-02725-JCS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bates v. United Parcel Serv.*,
    511 F.3d 974 (9th Cir. 2007) ...................................................................8

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) .................................................................4

*Brod v. Sioux Honey Ass'n, Coop*,
    927 F. Supp. 2d 811 (N.D. Cal. 2013) ....................................................4

*Bustamante v. Intuit, Inc.*,
    141 Cal. App. 4th 199 (2006) ................................................................12

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ............................................................................8

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) ...................................................................9

*Cheema v. L.S. Trucking*,
    39 Cal. App. 5th 1142 (2019) ................................................................13

*Cheslow v. Ghirardelli Chocolate Co.*,
    445 F. Supp. 3d 8 (N.D. Cal. 2020) .........................................................5

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ...................................................................................8

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) .............................................................................9, 10

*Continental Cas. Co. v. Enodis Corp.*,
    417 F. App'x. 668 (9th Cir. 2011) .........................................................15

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ...................................................................9

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1158 (9th Cir. 2012) .................................................................4

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ...........................................................................7, 11

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) .............................................................3, 4, 5

*Ersa Grae Corp. v. Fluor Corp.*,
  1 Cal. App. 4th 613 (1991) ...................................................................................12

*FMC Medical Plan v. Owens*,
  122 F.3d 1258 (9th Cir. 1997) ..............................................................................10

*Gibson v. Jaguar Land Rover N. Am., LLC*,
  No. CV20-00769-CJCG, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ..................7

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002)...............................................................................................10

*Hamilton v. Greenwich Invs. XXVI, LLC*,
  195 Cal. App. 4th 1602 (2011) .............................................................................12

*Hawyuan Yu v. Dr Pepper Snapple Group, Inc.*,
  No. 18-cv-06664-BLF, 2019 WL 2515919 (N.D. Cal. June 18, 2019) ..................15

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011) ...........................................................................4, 5

*Hodgers–Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ................................................................................9

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*,
  No. 20-031310-JSC, 2021 WL 1176645 (N.D. Cal. Mar. 29, 2021)........................8

*In re LinkedIn User Priv. Litig.*,
  932 F. Supp. 2d 1089 (N.D. Cal. 2013) ...............................................................11

*In re MacBook Keyboard Litig.*,
  No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)...............7, 8

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) .............................................................................................8

*In re Vioxx Class Cases*,
  180 Cal. App. 4th 116 (2009) ..................................................................................6

*Ivie v. Kraft Foods Glob., Inc.*,
  No. C-12-02554-RMW, 2013 WL 685372 (N.D. Cal. Feb. 25, 2013)....................15

*Julian v. TTE Tech., Inc.*,
  No. 20-02857-EMC, 2020 WL 6743912 (N.D. Cal. Nov. 17, 2020) ........................7

*Kahn v. FCA US LLC*,
  No. 2:19-CV-00127-SVW, 2019 WL 3955386 (C.D. Cal. Aug. 2, 2019) ..............16

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ...........................................................................................8

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ..........................................................................................8

*Ladas v. Cal. State Auto. Ass'n*,
   19 Cal. App. 4th 761 (1993) ..............................................................................12

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003) ..............................................................................4

*Lectrodryer v. SeoulBank*,
   77 Cal. App. 4th 723 (2000) ..............................................................................15

*Merced Cty. Sheriff's Employees' Ass'n v. Cty. of Merced*,
   188 Cal. App. 3d 662 (1987) .............................................................................14

*Mertens v. Hewitt Assocs.*,
   508 U.S. 248 (1993).............................................................................................11

*Meyer v. Benko*,
   55 Cal. App. 3d 937 (1976) ...............................................................................14

*Nationwide Biweekly Admin., Inc. v. Superior Court*,
   9 Cal. 5th 279 (2020) ...........................................................................................6

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)...............................................................................................9

*Peacock v. 21st Amendment Brewery Cafe, LLC*,
   No. 17-01918-JST, 2018 WL 452153 (N.D. Cal. Jan. 17, 2018) .......................10

*Perez v. Nidek Co.*,
   711 F.3d 1109 (9th Cir. 2013) ............................................................................10

*Phillips v. Apple Inc.*,
   No. 15-CV-04879-LHK, 2016 WL 1579693 (N.D. Cal. Apr. 19, 2016) .................9

*Prescott v. Nestle USA, Inc.*,
   No. 19-07471-BLF, 2020 WL 3035798 (N.D. Cal. June 4, 2020) .........................4

*Sciacca v. Apple, Inc.*,
   362 F. Supp. 3d 787 (N.D. Cal. 2019) ...............................................................10

*Sharma v. Volkswagen AG*,
   No. 20-cv-02394-JST, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021).................6, 8

*Shay v. Apple Inc.*,
   No. 20cv1629-GPC, 2021 WL 1733385 (S.D. Cal. May 3, 2021).........................7

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................6, 7

*Swearingen v. Late July Snacks LLC*,
No. 13-04324-EMC, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) .........................................9

*Trustees ex rel. Teamsters Benefit Tr. v. Drs. Med. Ctr. of Modesto, Inc.*,
286 F. Supp. 2d 1234 (N.D. Cal. 2003) ..............................................................................10, 11

*Watkins v. Westinghouse Hanford Co.*,
12 F.3d 1517 (9th Cir. 1993) ....................................................................................................11

*Weiss v. Trader Joe's Co.*,
No. 8:18-cv-01130-JLS, 2018 WL 6340758, at *1 (C.D. Cal. Nov. 20, 2018),
*aff'd sub nom. Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021) .................................5

*Weddington Prods., Inc. v. Flick*,
60 Cal. App. 4th 793 (1998) .........................................................................................12, 13, 14

*Whitmore v. Arkansas*,
495 U.S. 149 (1990)...................................................................................................................10

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) ..................................................................................................4, 11

**Statutes and Rules**

Cal. Civ. Code
§ 1550.........................................................................................................................................14
§ 1565.........................................................................................................................................14
§ 1580.........................................................................................................................................14

California Unfair Competition Law, Cal. Bus. & Prof. Code 17200 *et seq.* ........................ *passim*

Fed. R. Civ. P. 8 ................................................................................................................................7

**Other Authorities**

1 B.E. Witkin, Summary of California Law, Contracts § 137 (11th ed. 2020) .............................12

Restatement (Second) of Contracts (Am. Law. Inst. 1981)
§ 20(2)(a) ...................................................................................................................................14
§ 20(2)(b) ...................................................................................................................................14
§ 33(2) ........................................................................................................................................12

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION AND SUMMARY OF ARGUMENT

3

Plaintiff Tommy Gonzales filed a claim for coverage for a belt sander under his

4

SquareTrade Protection Plan, and *received* that coverage. He received a check from SquareTrade

5

for the replacement cost of his item, which he accepted. He does *not* allege that anyone ever told

6

him that he would receive a different type of coverage or a different amount of money. He does

7

*not* allege that he ever saw a statement to that effect either. His claim is simply that he was

8

disappointed in the amount SquareTrade paid him because he saw terms such as "coverage" and

9

"protection from common malfunctions" at the time he bought the Protection Plan on eBay, and

10

on the basis of those statements, he had expected to receive an amount from SquareTrade equal

11

to purchase price of his sander.

12

These allegations do not state a claim for violation of the California Unfair Competition

13

Law ("UCL"): (1) no reasonable consumer in Gonzales's position would have understood those

14

terms to convey entitlement to a specific remedy under the Protection Plan; (2) the legal remedy

15

he seeks—expectation damages—would fully compensate him for the underpayment he alleges,

16

so he has an adequate remedy at law; (3) he cannot obtain any remedy available under the UCL

17

because he has no standing to seek injunctive relief because he does not intend to purchase

18

SquareTrade Protection Plans in the future, and he cannot state a claim for restitution given that

19

he has not alleged anything unjust, particularly given that SquareTrade covered his claim.

20

Gonzales's claim for breach of contract fails for similar reasons. Gonzales alleges that

21

SquareTrade breached a contract based solely on his subjective understanding of statements that

22

do not describe SquareTrade's payment obligations. He alleges he read the words "covered,"

23

"protection from common malfunctions," "100% parts and labor," and "no deductibles" and

24

interpreted those statements to mean that SquareTrade would cover "the full purchase price" of

25

his belt sander. FAC ¶¶53-54. Those statements do not describe SquareTrade's payment

26

obligations, and thus the implied contract Gonzales claims was breached is, as a matter of law,

27

too indefinite to be enforceable. Put differently, Gonzales is not asking the Court to enforce the

28

SQUARETRADE'S MOT. TO DISMISS RE GONZALES                    CASE NO. 3:20-CV-02725-JCS

terms that the parties agreed to, but to *impose* terms that he wishes they had agreed to. That fails to state a claim for breach of contract.

Lastly, there can be no claim for unjust enrichment because Gonzales's claim was covered–he paid $4.99 for his Plan, and he received $32.64 from SquareTrade. SquareTrade has not been enriched by this exchange, so there is no need for the Court to exercise its equitable powers to restore Gonzales' property to him, especially where Gonzales has failed to allege any conduct by SquareTrade that would deceive a reasonable consumer in the first place.

Gonzales' allegations are a far cry from those of Plaintiff Shuman, who asserts that he was orally promised a payment of the purchase price of the bag he bought, and believed that a brochure he received comprised the rest of the terms of the agreement. Gonzales was *not* promised a payment equal to the purchase price, and merely attempts to impose a specific payment obligation on SquareTrade on the basis of his subjective understanding of a set of terms that cannot reasonably be read to say anything of that nature. SquareTrade requests that Plaintiff Gonzales's claims be dismissed.

## ISSUES PRESENTED

1.      Whether Plaintiff Gonzales has stated a claim under the UCL given that no reasonable consumer would interpret the terms "covered," "protection from common malfunctions," "100% parts and labor," and "no deductibles"—which do not address SquareTrade's reimbursement obligations in the event of a covered claim—to require SquareTrade to pay the specific remedy of a payment equal to the purchase price of the product in the event of a covered claim.

2.      Whether Plaintiff Gonzales lacks an adequate remedy at law, a prerequisite for seeking equitable relief under the UCL, when he seeks expectation damages via his breach of contract claim and has no standing to seek injunctive relief.

3.      Whether Plaintiff Gonzales can state a claim under the UCL, given that he has no standing to seek injunctive relief and has not pleaded facts that would entitle him to restitution— the sole remedies available under the UCL.

4.      Whether the contract that Plaintiff Gonzales alleges exists—an implied contract premised on his seeing the terms "covered," "protection from common malfunctions," "100% parts and labor," and "no deductibles,"—is too indefinite to be enforced, and whether he has alleged facts showing mutual assent to SquareTrade's alleged coverage obligations.

3.      Whether Plaintiff Gonzales's unjust enrichment claim should be dismissed because it is premised entirely on the same facts that are insufficient to state a UCL claim, and because he has not alleged that anything unjust has occurred, given that SquareTrade provided coverage for his claim in an amount that exceeds what he paid for her Protection Plans.

## FACTS

Gonzales alleges that on August 16, 2020, he purchased a belt sander on eBay for $38 and a SquareTrade Protection Plan for the sander for $4.99. First Amended Complaint ("FAC") ¶ 51. To purchase the Protection Plan, he alleges that he clicked on a box on the product webpage for the sander to add a "1-year protection plan from SquareTrade - $4.99" and then clicked to proceed to the "Buy It Now" page. *Id*. ¶ 52. This led him to a webpage depicting his shopping cart, and he clicked on a link that took him to a page describing the Protection Plan, where he alleges that he saw statements that his sander would be "covered," and subject to "protection from common malfunctions," and that the coverage would include "100% parts and labor" and "no deductibles." *Id*. ¶ 53. Based solely on these statements, he alleges that he "reasonably believed that his SquareTrade Protection Plan would cover the full purchase price of the sander if the device malfunctioned within the year and could not be repaired or replaced." *Id*. ¶ 54. He alleges that his sander broke, he submitted a claim, and received a payment of $32.64 under the SquareTrade Fast Cash program. *Id*. ¶¶ 55, 58, 61. Gonzales asserts that he "is not currently inclined to purchase additional SquareTrade protection plans." *Id*. ¶ 62.

## ARGUMENT

### I.      GONZALES'S UCL CLAIM SHOULD BE DISMISSED.

#### A.      No Reasonable Consumer Would Be Deceived by the Facts Alleged.

Claims under the UCL are governed by the "reasonable consumer" standard. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citation omitted). Under that standard, a plaintiff

must plausibly allege that members of the public are "likely to be deceived" by unlawful, unfair, or fraudulent business acts. *Id* (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). This requires "more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Brod v. Sioux Honey Ass'n, Coop*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013) (citing *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Rather, it requires "that it is probable that a significant portion of the general consuming public . . . acting reasonably in the circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508. A court may determine at the pleading stage that there is no likelihood of deception as a matter of law. *Prescott v. Nestle USA, Inc.*, No. 19-07471-BLF, 2020 WL 3035798, at *3–4 (N.D. Cal. June 4, 2020).

In *Becerra v. Dr Pepper/Seven Up, Inc.*, the plaintiff alleged that the label "diet" misled consumers of Diet Dr. Pepper soft drinks by promising that the product would "assist in weight loss" or at least "not cause weight gain." 945 F.3d 1225, 1227 (9th Cir. 2019). The Ninth Circuit reasoned that a more common understanding of the term was that the product contained less calories than classic Dr. Pepper. *Id*. at 1229. Plaintiff argued that her interpretation was also plausible, but the Ninth Circuit rejected that position, noting that "[j]ust because some consumers may unreasonably interpret the term differently does not render the use of 'diet' in a soda's brand name false or deceptive." *Id*. at 1230. The *Becerra* Court analogized its decision to *Ebner*, in which it had affirmed dismissal of a slack fill claim directed to allegedly underfilled tubes of lipstick on the basis that similar dispensers were "commonplace in the market," such that a reasonable consumer "understands the general mechanics of these dispenser tubes and further understands that some product may be left in the tube…." *Ebner*, 838 F.3d at 965. The *Ebner* Court reasoned that "[a] rational consumer would not simply assume that the tube contains no further product," and even if some would, the packaging was not deceptive just because some consumers could unreasonably misunderstand the product. *Id*. at 966 (citing *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1158, 1162 (9th Cir. 2012)).

California courts routinely dismiss UCL claims premised on unreasonable interpretations of statements regarding product benefits. In *Hill v. Roll Int'l Corp.*, for example, the plaintiff

SQUARETRADE'S MOT. TO DISMISS RE GONZALES                    CASE NO. 3:20-CV-02725-JCS

alleged that the presence of a "green drop" image on a bottle of Fuji Water conveyed the promise that the water was environmentally superior to other water. 195 Cal. App. 4th 1295, 1298 (2011). The court rejected this, holding that "no reasonable consumer would be misled to think that the green drop represents a third party organization's endorsement or that Fiji water is environmentally superior to that of the competition." *Id*. at 1307. In *Weiss v. Trader Joe's Co.*, the plaintiff alleged that statements on the label of Trader Joe's Alkaline Water—including that the product was PH 9.5+, "ionized to achieve perfect balance," and the presence of "plus symbols" and statements regarding hydration—conveyed that the product provided "more health benefits that typical water." No. 8:18-cv-01130-JLS, 2018 WL 6340758, at *1 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom. Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021). The court analyzed each of the challenged claims and found that they did not reasonably convey the asserted message, and granted defendant's motion to dismiss. *Id*. at *4-8; *see also Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020) (dismissing allegation that description of chips as "white" on Ghirardelli package conveyed that they were made of white chocolate, because "[h]aving determined the common definition and understanding of the word white, it would not be appropriate to base liability off of a misunderstanding") (emphasis omitted).

In this case, Plaintiff's allegation is that he inferred from the statements "1 year protection plan from SquareTrade," "1-year SquareTrade Warranty," "protection from common malfunctions," "100% parts and labor," and "no deductibles" that he would receive the specific remedy of a payment of the full purchase price of his product in the event that he submitted a covered claim and SquareTrade did not repair or replace the covered item. Conspicuously absent from these statements, however, is *any reference* to the actual coverage that would be provided. Gonzales also does not allege that any of the statements are false, *i.e.*, that SquareTrade imposed a deductible, or charged him for parts and labor, or denied coverage for a "common malfunction." Rather, like the Plaintiffs in *Bercerra*, *Ebner*, *Roll* and *Weiss*, Gonzales alleges that he understood these terms to imply something *else*: a specific promise regarding the nature and scope of the coverage available under his Protection Plan.

That is not objectively reasonable. Countless consumers no doubt have been disappointed at one point or another to learn that their warranty, or insurance, or service contract, did not provide a specific coverage or resolution they were hoping for. But, just as the green drop in *Roll* did not reasonably convey a promise about environmental credentials, and terms such as "PH 9.5+" in *Weiss* did not reasonably convey anything about the healthiness of the Alkaline Water, the terms Gonzales alleges he relied on did not reasonably convey that SquareTrade's Protection Plan promised purchasers the specific coverage of a payment of the full purchase price.

Significantly, Gonzales acknowledges that his claim under his Protection Plan *was covered*. FAC ¶ 61. So, this is not a case in which SquareTrade is alleged to have promised "coverage" and did not provide it. This is a case in which SquareTrade is alleged to have promised "coverage" and *did* provide it, but Plaintiff had a subjective expectation of receiving something *different*, which was never promised to him. That does not amount to a violation of the UCL. SquareTrade requests that the claim be dismissed.

### B.  Gonzales Has An Adequate Remedy at Law.

Gonzales's UCL claim also should be dismissed because he is seeking expectation damages—a paradigmatic legal remedy—and does not lack an adequate remedy at law. "[C]ivil causes of action authorized by the UCL and FAL must properly be considered equitable, rather than legal, in nature." *Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279, 326 (2020). The sole "remedies available in a UCL or FAL action are limited to injunctive relief and restitution," both of which are equitable remedies. *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009). As the Ninth Circuit has recently confirmed, "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL . . . ." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

As a result, numerous post-*Sonner* courts have held that when a plaintiff is seeking a legal remedy for the wrong alleged, a claim for the same remedy under the auspices of a UCL claim cannot proceed. *See, e.g., Sharma v. Volkswagen AG*, No. 20-cv-02394-JST, 2021 WL 912271, at *8 (N.D. Cal. Mar. 9, 2021) (dismissing UCL and unjust enrichment claims for

failure to allege no adequate remedy at law when alleged injury was "loss of money" and "loss in value" stemming from alleged product defect); *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at \*4 (N.D. Cal. Oct. 13, 2020) (dismissing UCL claims and explaining that "[b]ecause Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury"); *Julian v. TTE Tech., Inc.*, No. 20-02857-EMC, 2020 WL 6743912, at \*5 (N.D. Cal. Nov. 17, 2020) (dismissing UCL claim when "on the face of the complaint, it appears that what Plaintiffs' claim for damages and restitution are not really different"); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV20-00769-CJCG, 2020 WL 5492990, at \*3 (C.D. Cal. Sept. 9, 2020) (dismissing UCL claim seeking restitution and injunction because *Sonner* "very recently made clear" that the requirement to establish an inadequate remedy at law "applies to claims for equitable relief under both the UCL and CLRA.") (citing *Sonner*, 971 F.3d at 844).

In this case, as in those above, Gonzales seeks damages for his breach of contract claim. FAC ¶ 98. Damages are a remedy at law. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The monetary damages Gonzales seeks for his breach of contract claim are the same as the restitution he would receive were he to prevail on his UCL claim. *Compare* FAC ¶ 96 (alleging contractual breach caused harm because Plaintiffs received "only partial[] reimburse[ment]"), *with* FAC ¶ 105 (seeking equitable relief in the form of "full reimbursement of the purchase price.") His UCL claim must therefore be dismissed.[1]

Plaintiff is aware of this, and attempts to plead around it by including a threadbare allegation that "for purposes of [the UCL] claim, [he] alleges in the alternative that Plaintiff lacks an adequate remedy at law." FAC ¶ 105. However, attempts to plead the absence of an adequate remedy at law in the alternative in a similarly conclusory fashion have been rejected by numerous post-*Sonner* courts. *See, e.g, Shay v. Apple Inc.*, No. 20cv1629-GPC, 2021 WL 1733385, at \*5 (S.D. Cal. May 3, 2021) (rejecting argument that Plaintiff may plead equitable claims in the alternative under Fed. R. Civ. P. 8 because "'[t]he issue is not whether a pleading

---

[1] Gonzales also lacks standing to seek injunctive relief. *See infra*, Part I.C.

may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy;") (quoting *Sharma v. Volkswagen AF*, — F. Supp. 3d —, 2021 WL 912271, at *8 (N.D. Cal. Mar. 9, 2021)); *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-031310-JSC, 2021 WL 1176645, at *8 (N.D. Cal. Mar. 29, 2021) (dismissing claim for failure to allege inadequate remedy and stating: "the proposition that they are permitted to plead alternative claims for relief is unavailing") (collecting cases); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *2 ("[T]his is not an election of remedies issue. The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all.").

Because the Complaint demonstrates that Gonzales has an adequate remedy at law—and because mere conclusory pleading of "no adequate remedy at law" in the alternative is insufficient—Gonzales's equitable claims for violation of the UCL should be dismissed.

### C.   Gonzales Lacks Standing to Seek Injunctive Relief and Fails to Assert a Plausible Claim for Restitution.

The UCL is "equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (citation omitted). Remedies are "generally limited to injunctive relief and restitution." *Id*. (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999)). Though restitution is possible, "[i]njunctions are 'the primary form of relief available under the UCL to protect consumers from unfair business practices,' while restitution is a type of 'ancillary relief.'" *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009)).

Gonzales lacks standing to seek injunctive relief. To plead facts supporting standing to seek injunctive relief, a plaintiff must allege that he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). With respect to the latter

requirement, the Ninth Circuit requires plaintiffs to "demonstrate a '*real and immediate* threat of repeated injury in the future.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (emphases added). "The 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (emphasis in original) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). In the context of a putative class action, a plaintiff must show that he himself is likely to be injured in the future; allegations that unnamed class members may suffer the alleged harm are insufficient to establish standing to seek injunctive relief on behalf of the class. *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1044-45 (9th Cir. 1999).

Gonzales alleges that he is "not currently inclined to purchase additional SquareTrade protection plans." FAC ¶ 62. He alleges that he "continues to purchase consumer *products* that *could* be covered by a SquareTrade protection plan, and *would* purchase additional SquareTrade protection plans in the future *in the event* that SquareTrade's reimbursement practices were to be reformed . . . ." *Id.* (emphasis added). As such, Gonzales's allegations do not even allege "possible future injury," much less injury that is "certainly impending." *Davidson*, 889 F.3d at 967.  He therefore lacks standing to seek injunctive relief in this case.

In *Phillips v. Apple Inc.*, the plaintiffs alleged that an upgrade to Apple's IOS 9 operating system caused the Wifi Assist feature to be automatically enabled, and that this, in turn, caused consumers to involuntarily use more cellular data than they expected. No. 15-CV-04879-LHK, 2016 WL 1579693, *1-2 (N.D. Cal. Apr. 19, 2016). Apple moved to dismiss the plaintiffs' injunctive relief claim on the basis that they had not alleged any intention to purchase another phone with IOS 9 installed. *Id.* at *8. The plaintiffs responded that harm was still possible because Apple "could easily issue an update that surreptitiously turns Wi-Fi assist back on by default." *Id.* The court rejected that argument as mere conjecture, and found no standing to seek injunctive relief. *Id.* at *9. Other courts have ruled similarly. *See, e.g.*, *Swearingen v. Late July Snacks LLC*, No. 13-04324-EMC, 2017 WL 4641896, at *4 (N.D. Cal. Oct. 16, 2017) (finding no standing when "[p]laintiffs make clear their intent *not to*

purchase the products" absent a ruling in their favor); *Peacock v. 21st Amendment Brewery Cafe, LLC*, No. 17-01918-JST, 2018 WL 452153, at *9 (N.D. Cal. Jan. 17, 2018) (no standing for injunctive relief because "at no point does Peacock state or even imply any intent or desire to purchase 21st Amendment beers in the future").

The allegation that Plaintiff is "not currently inclined" to purchase a SquareTrade Protection Plan shows that, if there is any risk of future harm at all, it is not "certainly impending" as required to support a claim for injunctive relief. *See, e.g., Clapper*, 568 U.S. at 401-02, 409 ("[a]llegations of possible future injury are not sufficient" to establish standing) (internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)); *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) ("Plaintiff's allegation that he *may* have the watch repaired, which might result in the alleged defect manifesting again, is far from a future injury that is certainly impending. Rather, Plaintiff only alleges possible future injury.") (internal punctuation omitted); *Perez v. Nidek Co.,* 711 F.3d 1109, 1113-14 (9th Cir. 2013) (holding that because a plaintiff did not intend to have further eye surgery, he did not have standing to pursue injunctive relief).

Gonzales also cannot state a claim for restitution under the UCL because what he is actually seeking is damages. Merely calling a claim one for restitution is insufficient when, as here, the relief sought is in the nature of damages. *See Trustees ex rel. Teamsters Benefit Tr. v. Drs. Med. Ctr. of Modesto, Inc.*, 286 F. Supp. 2d 1234, 1237-38 (N.D. Cal. 2003) ("That the plaintiff nominally seeks 'restitution' is not dispositive.") (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)).

For example, in *FMC Medical Plan v. Owens*, a medical plan paid the defendant $50,000 in benefits relating to a car accident, and later sued him after he won a judgment against the other driver in the accident and then refused to reimburse the plan. 122 F.3d 1258, 1259 (9th Cir. 1997). The plan sued for "equitable reimbursement," and the district court ruled that it had subject matter jurisdiction under ERISA. *Id.* The Ninth Circuit reversed, ruling that while the plaintiff pled that it was seeking equitable relief, it was actually seeking a form of contractual reimbursement. *Id.* at 1260-62. The court found that "the substance of

SQUARETRADE'S MOT. TO DISMISS RE GONZALES                     CASE NO. 3:20-CV-02725-JCS

the remedy sought by FMC is money damages for Owen's alleged breach of the Plans, which are contracts" and that while "FMC attempt[ed] to 'dance around the word,'" what it sought was "not a form of equitable relief." *Id.* at 1262 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)). *See also Trustees ex. rel. Teamsters*, 286 F. Supp. 2d at 1238 ("[T]he Court must look beyond the 'equitable restitution' label that Plaintiff places on her claim, and must determine if that label accurately captures the substance of the remedy sought."); *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 n.5 (9th Cir. 1993) (courts look to the "substance of the remedy sought . . . rather than the label placed on that remedy") (internal citation omitted).

What Gonzales seeks to recover in his Complaint is the difference between the amount SquareTrade paid him and the amount he believes SquareTrade should have paid him. FAC ¶ 105 ("Plaintiff and Class members are entitled to . . . an order directing SquareTrade to provide full reimbursement of the purchase price (or cost of replacement)[2] in those instances where SquareTrade does not repair or replace the covered item."). In other words, he is seeking expectation damages—a classic remedy at law. *Williams*, 2020 WL 6743911, at *9 (citing *eBay*, 547 U.S. at 391). He is not seeking restitution, and indeed the face of the FAC shows that he paid $4.99 for a SquareTrade Protection Plan and *received a payment* for $32.64, so he has already gotten his money back, and more. FAC ¶¶ 51, 58. Because he is not entitled to either of the available remedies under the UCL, Gonzales's claim should be dismissed.

## II.   THE BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED FOR INDEFINITENESS AND LACK OF MUTUAL ASSENT TO THE TERMS.

The elements of a breach of contract claim under California law are: (1) the existence of a valid contract; (2) plaintiff's performance or excuse for failure to perform; (3) defendant's breach; and (4) damages. *See In re LinkedIn User Priv. Litig.*, 932 F. Supp. 2d 1089, 1093-94

---

[2] The Complaint puzzlingly seeks an order that Plaintiff receive "full reimbursement of the purchase price (or *cost of replacement*)." FAC ¶¶ 105, 133 (emphasis added). Those are not the same remedies, and Plaintiff has already received the latter of them. He admits receiving $32.64, and he has not alleged that that amount was less than replacement cost of his belt sander.

1  (N.D. Cal. 2013) (citing *Hamilton v. Greenwich Invs. XXVI, LLC*, 195 Cal. App. 4th 1602, 1614

2  (2011)). There is no question that SquareTrade and Gonzales agreed to enter into a contract.

3  Both Parties *performed* under what they believed to be the contract. However, to state a claim for

4  breach of contract, Gonzales must allege facts that plausibly show that the facts *he* alleges—the

5  statements "covered," "protection from common malfunctions," "100% parts and labor," and "no

6  deductibles"—amounted to a valid and enforceable contract requiring SquareTrade to provide

7  him with the specific remedy of a payment of his item purchase price. He fails to do so because

8  the contract he asserts is too indefinite to be enforceable, and because the Complaint makes clear

9  that the parties manifested assent to different contracts.

10         **A.        The Alleged Promise Is Too Indefinite To Be Enforceable.**

11         A contract will be enforced only if it is definite enough for the court to ascertain the

12  parties' obligations and "whether those obligations have been performed or breached." *Ersa*

13  *Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991). To be enforced, a promise must be

14  "definite enough that a court can determine the scope of the duty[,] and the limits of performance

15  must be sufficiently defined to provide a rational basis for the assessment of damages." *Ladas v.*

16  *Cal. State Auto. Ass'n,* 19 Cal. App. 4th 761, 770 (1993) (citations omitted). "'The terms of a

17  contract are reasonably certain if they provide a basis for determining the existence of a breach

18  and for giving an appropriate remedy.'" 1 B.E. Witkin, Summary of California Law, Contracts

19  § 137 (11th ed. 2020) (quoting <u>Restatement (Second) of Contracts</u> § 33(2) (Am. Law. Inst.

20  1981)). If a contract "does not provide a basis for determining what obligations the parties have

21  agreed to, and hence does not make possible a determination of whether those agreed obligations

22  have been breached, there is no contract." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th

23  793, 811 (1998).

24         In *Bustamante v. Intuit, Inc.*, the plaintiff alleged that he and Intuit entered into an

25  agreement to "to form and launch Intuit Mexico," which the parties were to effectuate by

26  working "exclusively with each other and to continue working until the company was launched."

27  141 Cal. App. 4th 199, 210 (2006). The plaintiff admitted that the parties never agreed to terms

28  such as "the amount of [his] salary or Intuit's royalty" and "the identity of the majority owner

1    and source of control," but alleged that these were ancillary to the relationship and "the venture

2    itself." *Id*. The court rejected the breach of contract claim, reasoning that "[t]he conditions for

3    performance are fatally uncertain." *Id*.; *see also Cheema v. L.S. Trucking*, 39 Cal. App. 5th 1142,

4    1149-50 (2019) (finding alleged oral contract for purchase of dump truck unenforceable for

5    uncertainty because parties had differing understandings of material contract terms).

6         Here, Gonzales alleges that he was entitled to the specific remedy of a payment of the

7    purchase price for his belt sander because he was offered a "1-year SquareTrade Warranty

8    (Home Improvement, $30-$39.99)" and saw language stating that his product would be

9    "covered," that he would receive "protection from common malfunctions," that coverage would

10   include "100% parts and labor," and that there would be "no deductibles." But, as discussed

11   above, none of this language defines the specific nature of SquareTrade's coverage obligations in

12   the event of a covered claim so there is nothing in the alleged "contract" that the Court can

13   reference to determine whether SquareTrade is in breach. For example, would SquareTrade have

14   breached the contract Gonzales alleges by sending him a comparable belt sander made by a

15   different manufacturer? The contract as alleged by Gonzales does not say. Nor does it say that

16   SquareTrade somehow breaches the contract by providing Gonzales with an amount of money

17   representing the replacement cost of the sander.

18        The fact that Gonzales is disappointed at the resolution SquareTrade provided for his

19   claim does not retroactively equate to a plausible allegation that SquareTrade *promised* him

20   something different simply by selling a product called a "warranty" or making statements related

21   to other aspects of the plan, such as coverage for "common malfunctions" and "no deductibles."

22   Gonzales's allegation resolves to the vague assertion that he was promised "coverage." But

23   Gonzales explicitly concedes that he *received* coverage. FAC ¶ 61. For the Court to determine

24   whether or not the coverage was less or more than what was required to satisfy the contract as

25   alleged by Plaintiff would be an exercise in conjecture. Accordingly, the breach of contract claim

26   is uncertain and should be dismissed.

27

28

SQUARETRADE'S MOT. TO DISMISS RE GONZALES          CASE NO. 3:20-CV-02725-JCS

**B.**    **Gonzales's Subjective and Undisclosed View of SquareTrade's Coverage Obligations Cannot be Enforced Against SquareTrade.**

One of the essential elements of an enforceable contract is mutual consent. *Weddington*, 60 Cal. App. 4th at 811. For consent to be mutual, the parties must all agree on the "same thing in the same sense." *Id.* (quoting Cal. Civ. Code § 1580). "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." *Id.* (quoting *Meyer v. Benko*, 55 Cal. App. 3d 937, 942-43 (1976)). "If there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract." *Id.* (citing Cal. Civ. Code §§ 1550, 1565, 1580).

In cases involving subjective misunderstandings regarding the meaning of contract terms, California courts apply the Restatement of Contracts (Second) § 20. *See Merced Cty. Sheriff's Employees' Ass'n v. Cty. of Merced*, 188 Cal. App. 3d 662, 670 (1987). The Restatement explains that where the parties misunderstand their respective obligations, the contract may only be enforced according to the view of one party if the other party knew or had reason to know of the first party's understanding. Restatement (Second) of Contracts § 20(2)(a), (b) (Am. Law Inst. 1981).

In *Merced County*, Merced County entered into agreements with its Sheriff's Association and its Firefighters' Association that called for periodic salary increases. 188 Cal. App. 3d at 655. The parties, however, had different subjective understandings of the terms of the agreement governing salary amounts. *Id.* at 666. Applying the Restatement approach, the Court held that "the County had 'reason to know' the meaning intended by the Sheriff's Association," and was therefore bound by it. *Id.* at 673. With respect to the Firefighters' Association, however, the court concluded that the parties "were so intent on their own subjective understanding of the meaning . . . that they passed each other like two ships on a stormy sea, neither aware of the other's presence insofar as understanding the other's intended meaning of the contract," and therefore there was no objective manifestation of assent to the same thing, and no contract. *Id.* at 676.

In this case, the First Amended Complaint does not allege that SquareTrade knew of Gonzales's subjective interpretation of the statements identified, nor does it allege facts that, if proven, would plausibly show that SquareTrade had "reason to know" of his subjective belief. Gonzales has not plausibly alleged that there was a meeting of the minds regarding the contract that he asserts as the basis for his breach of contract claim, and therefore the claim must be dismissed.

### III.   THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE GONZALES HAS NOT ALLEGED FACTS SHOWING WHY RETENTION OF ANY BENEFIT BY SQUARETRADE WOULD BE UNJUST.

"The elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Continental Cas. Co. v. Enodis Corp.*, 417 F. App'x. 668, 670 (9th Cir. 2011) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). A finding that a reasonable consumer would not be deceived, which is sufficient to defeat a UCL claim, also precludes an equitable claim for unjust enrichment, at least when the allegations are based on the same conduct. *See Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *13 (N.D. Cal. Feb. 25, 2013) (dismissing plaintiff's unjust enrichment claim because it was "based on the same allegations as the UCL, [false advertising law] FAL, and [California Consumers Legal Remedies Act] CLRA claims" and was thus "simply a reformulation of plaintiff's UCL, FAL, and CLRA claims"). As Plaintiff's unjust enrichment claim is nothing more than a restatement of his UCL claim, it too should be dismissed.

In *Hawyuan Yu v. Dr Pepper Snapple Group, Inc.*, for example, the plaintiff alleged that the defendant misled consumers by selling apple juice and applesauce products with the representation "Natural" although the products contained trace amounts of pesticide. No. 18-cv-06664-BLF, 2019 WL 2515919, at *1 (N.D. Cal. June 18, 2019). Plaintiff brought claims under the CLRA, FAL, and UCL, as well as for breach of express warranty and unjust enrichment. *Id.* at *2. The defendant moved to dismiss, arguing that a reasonable consumer would not be misled by the labeling. *Id.* at *3. The court agreed, holding that the plaintiff "failed to sufficiently allege facts demonstrating how or why a reasonable consumer would be misled" and dismissed the various state-law unfair and deceptive practices claims. *Id.* The court then proceeded to dismiss

the unjust enrichment claim because it likewise depended on an unreasonable construction of the identified terms. *Id*. at *4; *see also Kahn v. FCA US LLC*, No. 2:19-CV-00127-SVW, 2019 WL 3955386, at *8 (C.D. Cal. Aug. 2, 2019) (dismissing unjust enrichment claim based on same facts that the court had found insufficient to state a claim under UCL).

Here, as discussed above, the statements "covered," and "protection from common malfunctions" and "100% parts and labor," and "no deductibles," would not mislead a reasonable consumer because those statements do not convey that SquareTrade was obligated to pay the full purchase price of the product in the event of a covered claim. *See supra*, at Part I.A. This is different from the allegations made by Shuman, for example, who asserts that he was expressly promised a payment of the full purchase price, and then given a brochure that he believed contained the rest of the terms. Gonzales alleges that he was *not* expressly promised a payment equal to the amount he paid for his belt sander, and that he interpreted terms that do *not* say that he will receive such a payment, to mean something different than what they say. Gonzales's claim for unjust enrichment therefore should be dismissed.

Furthermore, even accepting the alleged facts as true, they do not warrant equitable relief. Gonzales alleges that he paid SquareTrade $4.99 for a SquareTrade Protection Plan. FAC ¶ 52. He alleges that SquareTrade paid him $32.64 for the claim that he filed under that Plan, and he does not allege that he was required to return the allegedly broken item. *Id*. ¶ 58. Gonzales's claim was *covered*. He has thus not alleged that SquareTrade retained any gains from its transaction with him, and he certainly has not alleged that any alleged gains were retained at his expense. SquareTrade requests that Gonzales's claims for unjust enrichment be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, SquareTrade requests that Plaintiff Gonzales's claims be dismissed.

Dated: May 21, 2021

                                     ARNOLD & PORTER KAYE SCHOLER LLP

                                     By:   */s/ Douglas A. Winthrop*
                                         DOUGLAS A. WINTHROP

                                     Attorneys for Defendant
                                     SQUARETRADE, INC.