# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SHUMAN, *et al.*,

  Plaintiffs,

    v.

SQUARETRADE, INC., *et al.*,

  Defendants.

Case No. 3:20-CV-02725-JCS

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**

The parties to this litigation have entered into a settlement agreement which if approved, would resolve this putative class action. Plaintiffs Michael Shuman, Kathleen Abbott, and Tommy Gonzales have filed a motion to preliminarily approve the Settlement and direct notice to the proposed Settlement Class. Defendant SquareTrade, Inc., supports approval of the Settlement. The Court has read and considered the parties' settlement agreement (the "Amended Agreement") and exhibits thereto (ECF No. 120-2), including the proposed Notice;[1] has reviewed the relevant briefing and determined that Plaintiffs have complied with the Northern District's Procedural Guidance for Class Action Settlements and provided the Court sufficient information to decide whether the Settlement should be granted preliminary approval; and concludes that the Settlement is sufficiently within the range of reasonableness to warrant preliminary approval of the Settlement, certification of the Settlement Class, the scheduling of the Final Approval Hearing, and the distribution of Notice to the members of the Settlement Class, each as provided for in this Order.

It is therefore ORDERED that Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is GRANTED.

The Court finds as follows:

### Likely Approval of the Proposed Settlement

1. The Court has reviewed the terms of the Amended Agreement, the exhibits thereto, Plaintiffs' motion papers, the supporting declarations, the parties' supplemental briefing, and all arguments made.

2. The parties' Amended Agreement is the product of over two years of litigation, including briefing on arbitration, three motions to dismiss, a motion for summary judgment, and discovery disputes; the production and review of tens of thousands of pages of documents; depositions of each of the Plaintiffs; as well as five depositions taken by Plaintiffs.

3. Based on its review, the Court finds that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure

---

[1] Unless otherwise stated, all capitalized terms have the meaning as defined in the Amended Agreement.

23(e)(2), and finds that the proposed Settlement is in the best interests of the Settlement Class. The Amended Agreement: (a) results from efforts by representative Plaintiffs and Class Counsel who adequately represented the Settlement Class; (b) was negotiated at arm's length with the assistance of Judge James L. Warren (Ret.); (c) provides relief for the Settlement Class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the proposed award of attorneys' fees, costs, and service awards, including timing of payment; and (iv) the strengths and weaknesses of the parties' claims and defenses; and (d) treats members of the Settlement Class equitably relative to each other. Accordingly, the Court preliminary approves the proposed Settlement. Further, release by Plaintiffs and the Settlement Class of the Released Claims is preliminarily approved pending a Final Approval Hearing.

## Likely Certification of the Class

4. The Court further finds that it will likely be able to certify the class, for purposes of judgment. The Court preliminarily certifies the following Settlement Class and subclasses pursuant to Federal Rule of Civil Procedure 23(b)(3):

> The Settlement Class is comprised of all members of the Fast Cash Subclass and the SKU-cap Subclass.
>
> The Fast Cash Subclass includes any person who, during the Class Period, (i) submitted a claim for coverage under a Protection Plan, and (ii) whose claim was resolved via a Fast Cash payment from Defendant.
>
> The SKU-cap Subclass includes any person who, during the Class Period, (i) submitted a claim for coverage under a Protection Plan, (ii) resolved the claim by receiving a monetary payment from Defendant, and (iii) received less than the amount the person should have received were it not for the SKU-cap Error.[2]

---

[2] Excluded from the Settlement Class are the judge approving the Settlement and his or her immediate family; Defendant; any entities in which Defendant has a controlling interest or

5. The Court finds that, for purposes of settlement, the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied for the following reasons:

    (a) **Numerosity**: The Settlement Class, which consists of SquareTrade customers who filed approximately 815,000 claims during the Class Period, appears so numerous that joinder of all members is impracticable.

    (b) **Common Questions**: There are questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, and those questions of law predominate over any questions affecting any individual class member. The Court finds that, for settlement purposes, the common questions raised by this action include the nature of SquareTrade's obligations to Protection Plan purchasers under its contract and under common law principles and consumer protection statutes.

    (c) **Typicality**: Plaintiffs' claims are typical of the claims of the Settlement Class in that Plaintiffs have alleged the same claims that would be pursued by anyone else who was paid under the SKU-cap error and the Fast Cash program.

    (d) **Adequacy**: Plaintiffs and their counsel are adequate representatives of the Class as neither Plaintiffs nor their counsel have any conflicts of interest with absent class members and Plaintiffs, who bought SquareTrade Protection Plans and were paid under either the SKU-cap error or the Fast Cash program, and share Settlement Class members' interest in recouping at least some of the payout remainder allegedly owed. In addition, Plaintiffs and their counsel have demonstrated their commitment to the class over the last two years as described above.

    (e) **Superiority**: A class action on behalf of the proposed class is superior to other available means of adjudicating this dispute because the class consists of thousands of members who would be unlikely to bring individual claims for the relatively

---

which have a controlling interest in Defendant; the officers, directors, employees, affiliates and attorneys of Defendant, and the immediate family members of any such person; and any person who has submitted a timely and valid Opt-Out Request.

small amounts of money at issue. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997).

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints David Stein and Amanda M. Karl of Gibbs Law Group LLP, and William H. Anderson and Rebecca P. Chang of Handley Farah & Anderson PLLC, as Class Counsel for the Settlement Class.

### Notice and Settlement Administration

7. JND Legal Administration is appointed to serve as the Settlement Administrator and is authorized to email and mail the approved Notice to members of the Settlement Class and further administer the Settlement in accordance with the Amended Agreement and this Order.

8. The Court finds that the provisions for notice to the Settlement Class set forth in the Amended Agreement and exhibits attached thereto satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Notice is reasonably calculated to apprise Settlement Class members of the nature of this litigation; the scope of the Settlement Class; the Settlement Class's claims, issues, or defenses; the terms of the Amended Agreement; the right of Settlement Class members to appear, object to the Amended Agreement, and exclude themselves from the Settlement Class and the process for doing so; the Final Approval Hearing; and the binding effect of a class judgment on the Settlement Class. The Court therefore approves the proposed methods of providing notice and directs the Settlement Administrator to proceed with providing notice to Settlement Class members, pursuant to the terms of the Amended Agreement and this Order.

9. No later than November 16, 2022, the Settlement Administrator shall disseminate Notice to all reasonably identifiable Settlement Class members by email, and for those Settlement Class members for whom no email address is available and a physical address is

available, by U.S. Mail, and through publication of the dedicated settlement website, all as set out in, and per the provisions of, the Amended Agreement.

10. At least fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel shall serve and file: (i) a sworn statement from the Settlement Administrator attesting to compliance with the service of the Notice, as set forth above; and (ii) a report prepared by the Settlement Administrator regarding the number and dollar value of Claims submitted, the final value of the SKU-Cap Payments, and the number and identity of persons who opted out of the Settlement prior to the Opt-Out deadline.

## Opt-Out Requests, Objections and Claim-Related Errors

11. Settlement Class members who wish to opt out and exclude themselves from the Settlement Class may do so by filling out and submitting an online opt-out form or submitting such request via U.S. Mail to the address listed in the Notice no later than January 30, 2023. The Opt-Out Request must be electronically or actually signed by the Settlement Class member. So-called "mass" or "class" opt-outs are not permitted.

12. All Settlement Class members who do not opt out and exclude themselves shall be bound by the terms of the Amended Agreement upon entry of the Final Approval Order and Judgment.

13. Settlement Class members who wish to object to the Settlement must submit a written notice of objection either to the Court or through the Settlement Website no later than January 30, 2023. The objection must (i) clearly identify the case name and number, *Shuman v. SquareTrade, Inc.*, Case No. 3:20-CV-02725-JCS (N.D. Cal.); and (ii) include the following information:

    (a) the objector's name, address, and telephone number, and the same information for the objector's attorney, if applicable;

    (b) the factual and legal grounds for the objection, including adequate evidence (documents and attestations) to establish that the objector is a member of the Settlement Class;

(c) if the objector wishes to appear at the Final Approval Hearing, the name, address, telephone number, and email address of the attorney who will appear (if applicable) a list of witnesses (if applicable) and copies of any evidence the objector plans to present at the hearing (if applicable).

14. If an objection is submitted to the Court, it must be timely submitted by (i) filing through the Court's Case Management/Electronic Case Files system, (ii) filing in person at any location of the United States District Court for the Northern District of California, or (iii) mailing to the United States District Court for the Northern District of California.

15. These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class member's objection to the Settlement, in accordance with the due process rights of all Settlement Class members.

16. Settlement Class members who wish to raise a Claim-Related Error shall follow the procedures and adhere to the deadlines set out in Section 4.7 of the Amended Agreement.

### Final Approval Hearing and Schedule

17. The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives on February 24, 2023, by Zoom (id. 161 926 0804, password 050855). At the Final Approval Hearing, the Court will consider:

(a) Whether the Court should permanently certify the Class for settlement purposes and whether the Plaintiffs and Class Counsel have adequately represented the Class;

(b) Whether the Settlement, on the terms and conditions provided for in the Amended Agreement, should be finally approved by the Court as fair, reasonable and adequate;

(c) Whether the Court should enter Judgment consistent with the terms of the final approval order;

(d) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(e) Whether the motion for service awards to the class representatives should be approved; and

(f) Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

18. Subject to the provisions and limitations of the Amended Agreement, Plaintiffs shall move for final settlement approval and approval of attorney's fees, litigation expense reimbursements, and class representative service awards no later than December 26, 2022. To the extent Plaintiffs file an omnibus motion seeking both final approval and attorney's fees, they shall have leave to exceed the page limits set by local rule and this Court's standing order, but their motion shall not exceed 50 pages in length.

19. Any Class Member who has not requested to be excluded from the Settlement, and any other interested person, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Final Approval Hearing. Any documents filed with the Court must also be served on counsel for the parties by the deadline for submitting objections, either by hand delivery or by first-class mail.

20. Any responses to any written objections to the Settlement and any other matter in support of the Settlement shall be filed with the Court at least fourteen (14) days prior to the Final Approval Hearing. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date or deadlines shall be posted on the Settlement Website referred to in the Notice, and the parties shall not be required to re-send or republish notice to the Settlement Class.

The Court HEREBY GRANTS preliminary approval of the class action settlement as set forth above and sets the following schedule:

| Event | Date |
|---|---|
| Deadline for Settlement Administrator to distribute Notice of Settlement | **November 16, 2022** [thirty (30) days after the entry of this Order] |
| Deadline for Class Counsel to file brief in support of motion for approval of attorney's fees, litigation expense reimbursements, and class representative service awards | **December 26, 2022** [seventy (70) days after the entry of this Order] |
| Last day for Class Members to file any requests for exclusions and objections | **January 30, 2023** [one hundred and six (106) days after the entry of this Order] |
| Last day for Class Counsel to file: (a) sworn statement by the Settlement Administrator: (i) identifying Class Members who have elected to exclude themselves from the Settlement and (ii) attesting to compliance with the service of the Notice, and (b) report prepared by the Settlement Administrator regarding the number and dollar value of Claims submitted and the final value of the SKU-Cap Payments | **February 10, 2023** [fourteen (14) calendar days prior to the Final Approval Hearing] |
| Deadline for the parties' responses to any Class Member objections | **February 10, 2023** **[**fourteen (14) days prior to the Final Approval Hearing] |
| Final Approval Hearing and hearing on Class Counsel's motion for fees, costs and service awards | **February 24, 2023 at 9:30 a.m. by Zoom (id. 161 926 0804, password 050855)** |

**IT IS SO ORDERED.**

Dated: October 17, 2022

_____
HONORABLE JOSEPH C. SPERO
CHIEF MAGISTRATE JUDGE