# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHUMAN, *et al.*,<br><br>  Plaintiffs,<br><br>   v.<br><br>SQUARETRADE, INC.,<br><br>  Defendant. | Case No. 3:20-CV-02725-JCS<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEY'S FEES, LITIGATION COSTS, AND SERVICE AWARDS** |

## INTRODUCTION

The parties to this litigation have entered into a class-wide Settlement Agreement (ECF No. 120-2),[1] which this Court has preliminarily approved. ECF No. 124. Per the Court's Order, notice was directed to the settlement class. Plaintiffs now move for final approval of the Settlement Agreement, for attorney's fees, litigation costs, and service awards for named Plaintiffs Michael Shuman, Kathleen Abbott and Tommy Gonzales.

For the following reasons, it is ORDERED that Plaintiffs' Motion for Final Approval of Class Action Settlement, Fees, and Costs is GRANTED:

**Certification of Settlement Class and Final Approval of Settlement**

1. The Amended and Restated Settlement Agreement ("Settlement Agreement") dated September 15, 2022, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. ECF No. 120-2. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order. ECF No. 124.

2. The Court has jurisdiction over the subject matter of this proceeding and all Parties to this proceeding, including all Settlement Class Members:

> The Settlement Class is comprised of all members of the Fast Cash Subclass and the SKU-cap Subclass.
>
> The Fast Cash Subclass includes any person who, during the Class Period, (i) submitted a claim for coverage under a Protection Plan, and (ii) whose claim was resolved via a Fast Cash payment from Defendant.
>
> The SKU-cap Subclass includes any person who, during the Class Period, (i) submitted a claim for coverage under a Protection Plan, (ii) resolved the claim by receiving a monetary payment from Defendant, and (iii) received less than the amount the person should have received were it not for the SKU-cap Error.
>
> Excluded from the Settlement Class are the judge approving the Settlement and his or her immediate family; Defendant; any entities in which Defendant has a controlling interest or

---

[1] Unless otherwise stated, all capitalized terms have the meaning as defined in the parties' settlement agreement.

which have a controlling interest in Defendant; the officers, directors, employees, affiliates and attorneys of Defendant, and the immediate family members of any such person; and any person who has submitted a timely and valid Opt-Out Request.

3. The Court finds that, for purposes of settlement, the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied for the following reasons:

(a) **Numerosity**: The Settlement Class, which consists of 705,575 SquareTrade customers who filed over 884,000 claims during the Class Period, appears so numerous that joinder of all members is impracticable.

(b) **Common Questions**: There are questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, and those questions of law predominate over any questions affecting any individual class member. The Court finds that, for settlement purposes, the common questions raised by this action include the nature of SquareTrade's obligations to Protection Plan purchasers under its contract, under common law principles, and consumer protection statutes.

(c) **Typicality**: Plaintiffs' claims are typical of the claims of the Settlement Class in that Plaintiffs have alleged the same claims that would be pursued by anyone else who was paid under the SKU-cap error and the Fast Cash program.

(d) **Adequacy**: Plaintiffs and their counsel are adequate representatives of the Class as neither Plaintiffs nor their counsel have any conflicts of interest with absent class members and Plaintiffs, who bought SquareTrade Protection Plans and were paid under either the SKU-cap error or the Fast Cash program, and they share Settlement Class members' interest in recouping at least some of the payout remainder allegedly owed. In addition, Plaintiffs and their counsel have demonstrated their commitment to the class over the last three years, as described above.

(e) **Superiority**: A class action on behalf of the proposed class is superior to other available means of adjudicating this dispute because the class consists of thousands of members who would be unlikely to bring individual claims for the relatively small

amounts of money at issue. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997).

4. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers, the declarations of counsel, and all arguments made.

5. Per Rule 23(e)(1)'s notice requirement, the Court approved the parties' notice plan, which included postcard notice, email notice, and a settlement website. ECF. No. 124. The individual notice efforts reached nearly 704,000 members of the Settlement Class, which is more than 99.76% of the Settlement Class. ECF No. 128-3, Declaration of Jennifer Keough, ¶ 4. The Court finds that notice was provided in the best practicable manner to class members who will be bound by the proposal and fulfills the requirements of due process. Fed. R. Civ. P. 23(e)(1).

6. The notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. Based on its review, the Court finds that the settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2). The Settlement Agreement: (a) results from efforts by representative Plaintiffs and Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of Judge James L. Warren (Ret.); (c) provides relief for the class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the proposed award of attorneys' fees, costs, and service awards, including timing of payment; and (iv) the strengths and weaknesses of the parties' claims and defenses; and (d) treats class members equitably relative to each other.

8. **[ To be updated following the passing of the deadline for objections].**

9. The parties have agreed to certain injunctive relief measures as part of the Settlement Agreement. Settlement Agreement ¶¶ 3.1, 3.3. By attaching the Settlement Agreement as an

1  exhibit and incorporating its terms herein, the Court determines that this Final Order
2  complies in all respects with Federal Rule of Civil Procedure 65(d)(1).
3      10. Accordingly, the Court hereby approves the Settlement Agreement, the exhibits, and
4  the Settlement contemplated thereby, and finds that the terms constitute a fair, reasonable,
5  and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the
6  Federal Rules of Civil Procedure.

## ATTORNEY'S FEES, COSTS AND SERVICE AWARDS

8      11. Class Counsel has requested fees and costs pursuant to Ca. Civ. Proc. Code § 1021.5.
9  The Court finds that Plaintiffs are prevailing parties who meet the requirements for fee
10 shifting under the statute. Here, a "significant benefit" has been conferred on "a large class of
11 persons," the "necessity and financial burden of private enforcement" renders the award
12 appropriate, and the fees have not been "not paid out of the recovery." Cal. Civ. Proc. Code §
13 1021.5.
14     12.  Class Counsel has requested $1,000,000 in fees and cost reimbursement. "Under a fee-
15 shifting statute" like § 1021.5, "the court 'must calculate awards for attorneys' fees using the
16 "lodestar" method.'" *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (quoting *Ferland v.*
17 *Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)); *see also Montera v. Premier Nutrition*
18 *Corp.*, 2022 WL 10719057, at *4 (N.D. Cal. Oct. 18, 2022) (same); *Collado v. Toyota Motor Sales,*
19 *U.S.A., Inc.*, 550 F. App'x 368, 370 (9th Cir. Dec. 16, 2013) ("Fee awards granted pursuant
20 to § 1021.5 must be calculated using a lodestar analysis." (citing *Press v. Lucky Stores, Inc.*, 34
21 Cal.3d 311, 321-22 (1983)).
22     13. Upon reviewing Class Counsel's motion for fees, and the attached contemporaneous
23 billing records, the Court finds that Class Counsel's time expended on the case was
24 reasonable, particularly in light of the billing judgment exercised by Class Counsel to
25 voluntarily reduced the time billed to 2786.6 hours. The Court further finds that Class
26 Counsel's billing rates are reasonable; the rates are consistent with those billed for non-
27 contingent complex litigation work and with the rates approved by courts in this District.
28 Class Counsel's requested fee is also materially less than their voluntarily reduced lodestar of

1  $1,859,287.90, resulting in a negative multiplier of approximately 50% after expenses even
2  without considering time spent briefing final approval or assisting class members that have
3  made inquiries as the result of the notice program.  A "negative multiplier . . . strongly
4  suggests the reasonableness of [a] negotiated fee." *Del Castillo v. Cmty. Child Care Council of*
5  *Santa Clara Cnty., Inc.*, 2021 WL 4895084, at *6 (N.D. Cal. Oct. 20, 2021); *Moreno v. Capital Bldg.*
6  *Maint. & Cleaning Servs.*, 2021 WL 4133860, at *6 (N.D. Cal. Sept. 10, 2021) (same). The Court
7  finds Class Counsel's fee request reasonable in light of the complexity of the litigation and
8  work performed prior to reaching the Settlement Agreement.

9      14. The Court hereby approves Class Counsel's request for costs in the amount of
10  $41,318.39 and fees in the amount of $958,681.61 for a total fee and cost payment of $1,000,000.

11      15. The Court approves a service award of $5,000 each to Class Representatives Michael
12  Shuman, Kathleen Abbott, and Tommy Gonzales. The Court finds that each of the Class
13  Representatives adequately represented the Settlement Class, including by participating in
14  the litigation, staying apprised of litigation developments, and by producing documents and
15  sitting for deposition.

## CONCLUSION

17      16. Counsel will file a post-distribution accounting as required by the Northern District's
18  Procedural Guidance for Class Action Settlements.

19      17. Pursuant to Federal Rules of Civil Procedure 54(a) and (b), final judgments of
20  dismissals with prejudice will be entered, in accordance with the settlement agreement.

21      18. The Court hereby DISMISSES WITH PREJUDICE, without costs to any party, except as
22  expressly provided for above, the Action, as defined in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____

                                        HONORABLE JOSEPH C. SPERO
                                        CHIEF MAGISTRATE JUDGE